```
 1  DURIE TANGRI LLP
    DARALYN J. DURIE (SBN 169825)
 2  ddurie@duritangri.com
    MARK A LEMLEY (SBN 155830)
 3  mlemley@durietangri.com
    217 Leidesdorff Street
 4  San Francisco, CA 94111
 5  Telephone:  (415) 362-6666
    Facsimile:   (514) 236-6300
 6
 7  Attorneys for Defendants and Counterclaim
    Plaintiffs GENENTECH, INC. and CITY OF
 8  HOPE
 9
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC,<br><br>                              Plaintiffs,<br><br>      v.<br><br>GENENTECH, INC. and CITY OF HOPE,<br><br>                              Defendants. | Case No. CV-10-02764 MRP (FMOx)<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF PROFESSOR DAVID C. HRICIK IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFFS** |
| GENENTECH, INC. and CITY OF HOPE,<br><br>       Defendants and Counterclaim<br>                             Plaintiffs,<br><br>      v.<br><br>GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC,<br><br>       Plaintiffs and Counterclaim<br>                             Defendants. | Date:   June 8, 2010<br>Time:   1:30 p.m.<br>Ctrm:   12<br><br>**The Honorable Mariana R. Pfaelzer** |

---

EVIDENTIARY OBJECTIONS TO HRICIK DECL. ISO OPPOSITION TO DEFENDANTS' MOTION TO
DISQUALIFY COUNSEL FOR PLAINTIFFS
CASE NO. CV-10-02764 MRP

# INTRODUCTION

Howrey has submitted a declaration from Professor David C. Hricik, who teaches law in Georgia and who practiced law in Texas but who is not admitted in California. Professor Hricik's declaration is in fact a brief. Genentech objects to his opinions on the grounds that they state legal conclusions and lack foundation.

## I.  Professor Hricik Opines Improperly (and Incorrectly) on the Law

Matters of law are inappropriate subjects for expert testimony. *Aguilar v. Int'l Longshoremen's Union Local # 10,* 966 F.2d 443, 447 (9th Cir.1992). Thus the general rule is that expert testimony expressing legal conclusions should be excluded. *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043-44 (D. Az. 2005); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 63 (S.D.N.Y. 2001). This is true even where the legal conclusions are couched as a conclusion on an ultimate issue. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997).

Professor Hricik's opinions should be excluded from the Court's consideration because they are legal arguments that invade the province of the Court. Professor Hricik summarizes his opinion as if he were the ultimate decision-maker: "Genentech has not established that Howrey should be disqualified." (Hricik Decl. ¶6; s*ee also id.* ¶9.) Such statements presume to apply the law to the record before the Court, which is the Court's job. *Pinal Creek Group*, 352 F. Supp. 2d at 1043 ("courts have also prohibited legal expert opinion which applies the law to the facts. Many courts have held that the judge is the sole arbiter of the law and its application to the facts.").

In addition, even were Professor Hricik admitted in California, which he is not, certain of his statements are inconsistent with California law. He states he has seen no evidence that in trying *Chiron* Mr. Bunsow "necessarily" had to learn anything about the Cabilly I patent (presumably including its description, which also supports Cabilly II). (Hricik Decl. ¶19; *see also* ¶¶22, 24.) California law

does not presume that attorneys know only what is strictly necessary to discharge an assignment. *Jessen v. Hartford Casualty Ins. Co.,* 111 Cal. App. 4th 698, 712-13, 3 Cal. Rptr. 877, 887 (1999) ("subject matter" of representation not limited to elements and defenses); *Openwave Sys., Inc. v. 724 Solutions (US) Inc.,* No. C 09-3511 RS (N.D. Cal. Apr. 22, 2010), 2010 WL 1687825, at *5 & n.5.

## II. Professor Hricik's Opinion Improperly And Incorrectly Purports To Resolve Factual Issues

Professor Hricik insists that "[e]nablement of the Cabilly I Patent and the adequacy of its description was not an issue in the *Chiron* Litigation" and concludes from this premise that Mr. Bunsow had no reason to learn about the validity of Cabilly. (Hricik Decl. ¶31.) This opinion rests on Professor Hricik's assertion that the *Chiron* record includes "no substantive testimony about whether, or not, the Cabilly I Patent was enabled." (*Id.* at ¶25.) Professor Hricik's reading of the evidence is at odds with the record. Dr. French was asked whether the Cabilly specification teaches how to make recombinant antibodies, and she testified that it did. That is the crux of the enablement inquiry. But even if Professor Hricik were correct, his gloss on *Chiron* deposition and trial testimony is not a proper subject of expert testimony. Professor Hricik was not present at trial in *Chiron* and offers no reason to believe he has particular expertise in reading transcripts.

///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons the declaration of Professor David C. Hricik should be excluded from the court's consideration of Genentech's motion.

Dated: May 25, 2010                                DURIE TANGRI LLP


By: _____/s/ Daralyn J. Durie_____
Daralyn J. Durie

Attorneys for Defendants and Counterclaim Plaintiffs GENENTECH, INC. and CITY OF HOPE

*Of Counsel*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
KENNETH GALLO
2001 K Street, N.W.
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
kgallo@paulweiss.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
JOHN E. NATHAN
CATHERINE NYARADY
KRIPA RAMAN
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com

## CERTIFICATE OF SERVICE

I certify that counsel of record is being served on May 25, 2010 with a copy of this document via the Court's CM/ECF system.

| | |
|---|---|
| Robert M. Galvin, Esq. | galvinr@howrey.com |
| Lloyd R. Day, Jr., Esq. | dayl@howrey.com |
| Jackie N. Nakamura, Esq. | nakamuraj@howrey.com |
| Martha K. Gooding | goodingm@howrey.com |
| Richard J. Burdge, Jr. | burdger@howrey.com |
| Scott B. Garner | garners@howrey.com |
| William C. Rooklidge | rooklidge@howrey.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 25, 2010, at San Francisco, California.

          /s/ Daralyn J. Durie
          Daralyn J. Durie

---

4

EVIDENTIARY OBJECTIONS TO HRICIK DECL. ISO OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFFS
CASE NO. CV-10-02764 MRP