MAYER BROWN LLP
ELIZABETH MANN
emann@mayerbrown.com
350 25th Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

LISA M. FERRI  *Admitted Pro Hac Vice*
LFerri@mayerbrown.com
BRIAN W. NOLAN  *Admitted Pro Hac Vice*
BNolan@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:   (212) 506-2500
Facsimile:    (212) 262-1910

Attorneys for Plaintiffs and Counter-Defendants
GLAXO GROUP LIMITED and
GLAXOSMITHKLINE LLC

*COUNSEL CONTINUED ON NEXT PAGE*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GENENTECH, INC., and CITY OF HOPE, <br><br> Defendants. | Case No. CV-10-02764 MRP (FMOx) <br><br> **ORDER ON STIPULATED PROTECTIVE ORDER** <br><br> Judge:  Hon. Mariana R. Pfaelzer <br> Ctrm:   12 |
| GENENTECH, INC. and CITY OF HOPE, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC <br><br> Counter-Defendants. | |

1    DURIE TANGRI LLP
     Daralyn J. Durie (SBN 169825)
2    ddurie@durietangri.com
     Mark A. Lemley (SBN 155830)
3    mlemley@durietangri.com
     217 Leidesdorff Street
4    San Francisco, CA 94111
     Telephone: (415) 362-6666
5    Facsimile: (415) 236-6300

6    PAUL, WEISS, RIFKIND,
     WHARTON & GARRISON LLP
7    Kenneth A. Gallo
     kgallo@paulweiss.com
8    2001 K. Street, NW
     Washington, DC 20006
9    Telephone: (202) 223-7300
     Facsimile: (202) 223-7420
10
     Attorneys for Defendants and Counter-Plaintiffs
11   GENENTECH, INC. and CITY OF HOPE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>ORDER</u>

The parties having entered into a Stipulated Protective Order providing the terms and conditions for the confidentiality of all information, documents and other items subject to discovery in this Action, a copy of which is attached hereto as Exhibit A, and for GOOD CAUSE SHOWN.

IT IS SO ORDERED this 1st day of March, 2011.

_____
Hon. Mariana R. Pfaelzer
United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

MAYER BROWN LLP
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

LISA M. FERRI  *Admitted Pro Hac Vice*
LFerri@mayerbrown.com
BRIAN W. NOLAN  *Admitted Pro Hac Vice*
BNolan@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:   (212) 506-2500
Facsimile:    (212) 262-1910

Attorneys for Plaintiffs and Counter-Defendants
GLAXO GROUP LIMITED and
GLAXOSMITHKLINE LLC

*COUNSEL CONTINUED ON NEXT PAGE*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GENENTECH, INC., and CITY OF HOPE,<br><br>                    Defendants. | Case No. CV-10-02764 MRP (FMOx)<br><br>***CORRECTED* [PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br><br>Judge:  Hon. Mariana R. Pfaelzer<br>Ctrm:   12 |
| GENENTECH, INC. and CITY OF HOPE,<br><br>                    Counter-Plaintiffs,<br><br>        v.<br><br>GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC<br><br>                    Counter-Defendants. | |

1  DURIE TANGRI LLP
   Daralyn J. Durie (SBN 169825)
2  ddurie@durietangri.com
   Mark A. Lemley (SBN 155830)
3  mlemley@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA 94111
   Telephone: (415) 362-6666
5  Facsimile: (415) 236-6300

6  PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
7  Kenneth A. Gallo
   kgallo@paulweiss.com
8  2001 K. Street, NW
   Washington, DC 20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420

10
   Attorneys for Defendants and Counter-Plaintiffs
11 GENENTECH, INC. and CITY OF HOPE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action ("Action") are not publicly available and, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DEFINITIONS**

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential or Highly Confidential by any party to which it belongs.  Each party shall act in good faith, showing good cause, in designating such information as Confidential or Highly Confidential.

2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; protocols; data compilations; patent applications; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be

1

obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; presentations; business practices; models and prototypes and other physical objects.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by the law firms identified below or other persons hired or used by these firms for purpose of the preparation and trial of this Action, such as discovery vendors, mock jurors, and trial and jury consultants:

Paul, Weiss, Rifkind, Wharton & Garrison LLP and Durie Tangri LLP, counsel for Defendants Genentech, Inc. and City of Hope; and

Mayer Brown LLP, counsel for Plaintiffs GlaxoSmithKline LLC and Glaxo Group Limited.

"Counsel" also includes in-house litigation team members as follows:

Gregory Schetina and an attorney to-be-designated at a later date, in-house attorneys for Defendant City of Hope, and their associated paralegals, secretaries, and other support staff;

Hannah Williams, Laura Storto, and Mark Jackson, in-house attorneys, for Defendant Genentech, Inc. and their associated paralegals, secretaries, and other support staff; and

Charles Kinzig, Mark Rachlin, in-house attorneys, and up to one additional in-house attorney to be identified at a later date for Plaintiffs GlaxoSmithKline LLC and Glaxo Group Limited and their associated paralegals, secretaries, and other support staff;

Notwithstanding the foregoing, during the pendency of this Action and for two (2) years following the exhaustion of all appeals thereof, the above-identified in-house litigation team members shall not be involved in any of the following activities:

CORRECTED [PROPOSED] STIPULATED PROTECTIVE ORDER; CASE NO.  CV-10-0764 MRP (FMOx)

700011480

(a)  competitive business decisions regarding the pricing or marketing of present or future anti-CD20 antibody products (this category does not include supervising litigation regarding the same); or

(b)  preparation, prosecution, or appeal in the prosecution of any foreign or domestic patent application related to methods of manufacturing, purifying, or formulating monoclonal antibodies (other than involvement in any reexamination, opposition, or similar post-issuance proceedings (but not a reissue examination within the first two years following any patent's issue date) concerning U.S. Patent No. 6,331,415 and its related patents and patent applications) (the "Patent Prosecution Activities").

To clarify the meaning of "involved" as used in this Paragraph 3, no party will contend that the in-house counsel designated under this Paragraph 3 are "involved" in the Patent Prosecution Activities by virtue of their having formal supervisory responsibility over other in-house counsel or patent agents involved in the Patent Prosecution Activities, unless the in-house counsel designated under this Paragraph 3 in fact exercise that responsibility to direct the preparation or prosecution of specific patent applications relating to the Patent Prosecution Activities.

The parties may, as necessary, substitute on a one-for-one basis other in-house litigation team members meeting the above criteria for the above-listed individuals, provided that the substituting party give the other parties seven (7) business days notice prior to said substitution.

/ / /

/ / /

/ / /

3

## **GENERAL RULES**

4.     Each party to this Action that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

> a.     Designation as "CONFIDENTIAL":  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially harmful to the business or operations of such party.
>
> b.     Designation as "HIGHLY CONFIDENTIAL":  Any party may designate information as "HIGHLY CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secrets or other highly sensitive research, development, financial, strategic, or other commercial information, the unrestricted disclosure of which could be potentially harmful to the business or operations of such party.

5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL," and shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the

4

copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

      6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

          a.    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until twenty (20) days after receipt of the deposition transcript to inform the other party or parties to this Action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

          b.    the producing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 8 below; and

          c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" - shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this Action, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL" shall be viewed only by Counsel (as defined in Paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within ten (10) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the ten (10) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" shall be viewed only by Counsel (as defined in Paragraph 3) of the receiving party, by independent experts (pursuant to the terms of Paragraph 8), Gary Loeb and Sean Johnston for Genentech, Inc., up to two attorneys to-be-designated at a later date for City of Hope, William Han and Andrea Lockenour for GlaxoSmithKline and Glaxo Group Limited, and by the additional individuals listed below, provided each such

6

individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

        a.     Executives who are required to participate in policy decisions with reference to this action;

        b.     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

        c.     Stenographic and clerical employees associated with the individuals identified above.

10.     With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11.     A document that contains or reveals Confidential Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

12.     Confidential Information may be disclosed to official court personnel, stenographic reporters, videographers and their respective assistants who are engaged in such proceedings as are necessary for the preparation and trial of this Action.

13.     All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this Action.

14.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with

7

1  the Court for any purpose, the party seeking to file such material shall seek

2  permission of the Court to file said material under seal.  The parties will follow and

3  abide by applicable law, including relevant local rules, with respect to filing

4  documents under seal in this Court.

5       15.    Any party may reasonably request, in writing, that a party filing or

6  serving a paper in the action, such as an expert report, dispositive motion,

7  discovery motion, or similar paper, that is marked as CONFIDENTIAL and/or

8  HIGHLY CONFIDENTIAL shall produce to the other side a  redacted copy of

9  such paper, removing the Confidential Information, for use solely for the purposes

10  of this litigation.  Such redacted copy shall be provided within five (5) calendar

11  days of such request or otherwise at a date agreed upon by the parties.

12       16.    At any stage of these proceedings, any party may object to a

13  designation of specific materials as Confidential Information.  The party objecting

14  to confidentiality shall notify, in writing, counsel for the designating party of the

15  objected-to materials and the grounds for the objection.  In accordance with L.R.

16  37-1, the parties shall meet and confer in an attempt to resolve their dispute

17  without involving the Court.  If the parties are unable to resolve their dispute on

18  their own, they may seek the Court's involvement pursuant to L.R. 37-2.  The

19  materials at issue shall be treated as Confidential Information, as designated by the

20  designating party, until the Court has ruled on the matter or the matter has been

21  otherwise resolved.

22       17.    All Confidential Information shall be held in confidence by those

23  inspecting or receiving it, and shall be used only for purposes of this Action.

24  Counsel for each party, and each person receiving Confidential Information shall

25  take reasonable precautions to prevent the unauthorized or inadvertent disclosure

26  of such information.  If Confidential Information is disclosed to any person other

27  than a person authorized by this Order, the party responsible for the unauthorized

28  disclosure must immediately bring all pertinent facts relating to the unauthorized

disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18.     No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials such as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

20.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  An inadvertent production of any document that a producing party believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, shall not be deemed a waiver.  The producing party may give written notice to all receiving parties that the document or information inadvertently produced is privileged or otherwise protected.  Within ten (10) days of receipt of such written notice, all receiving parties shall immediately comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning

9

or destroying the original and all copies of the information, making their best efforts to destroy those portions of summaries or notes pertaining to the information identified as privileged and taking reasonable steps to retrieve the information if the party disclosed it before being notified except, however, that a party seeking to challenge the claim of privilege or protection may retain a single copy of the disputed information solely for the purpose of making that challenge. If the Court denies the challenge, the party making the challenge has ten (10) days from receipt of the Order denying the challenge to comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the copy of the disputed information retained for the purpose of making the challenge.  If a receiving party wishes to challenge the claim of privilege or protection, no later than twenty (20) days from receiving the notice, it must initiate the process to move pursuant to Local Rule 37 to present the information, under seal, to the Court for a determination of the claim. The receiving party shall not rely upon the fact or circumstances of the production of the information in challenging the claim of privilege or protection.  No person or party shall incur any liability hereunder for any disclosure or filing of inadvertently disclosed documents when the disclosure occurred before receipt of notice of the inadvertent disclosure.

21.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

CORRECTED [PROPOSED] STIPULATED PROTECTIVE ORDER; CASE NO.  CV-10-0764 MRP (FMOx)
700011480

23.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.     Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, whether from counsel or any other source, and the source of those documents and/or information are discoverable. The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

25.     Upon final termination of this Action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information (regardless of its format) to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Within sixty (60) days of the termination of this Action, the receiving party shall certify in writing to the producing party that all confidential information, regardless of format or location, has been destroyed.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.   Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

11

26.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

27.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

28.     Confidential Information disclosed pursuant to this Order shall be used by a receiving party solely for the purposes of this Action. Confidential Information disclosed pursuant to this Order shall not be used for any business or competitive purposes. It shall be the duty of each party and each individual having notice of this Order to comply with its terms from the time of such notice.

29.     In the event that counsel for a party deems it necessary to disclose any Confidential Information to any person not contemplated in the preceding Paragraphs, said counsel shall make a request to counsel for the producing party in writing or on the record in a deposition or proceeding before the Court of the Confidential Information sought to be disclosed, and shall attempt to reach agreement regarding such disclosure. Nothing in this Order shall prevent disclosure of such Confidential Information if the producing party consents, or if the Court, after notice to all parties, orders such disclosure. If agreement cannot be reached, the party seeking to make the disclosure shall move the Court, pursuant to Local Rule 37, to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made until such motion is decided in favor of the movant.

30.     In the event that a new party is added, substituted or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

31.     Non-parties who produce information in this Action may avail themselves of the provisions of this Order by agreeing to be bound by its terms.

32.     In the event that a producing party's Confidential Information is sought from a receiving party by any person not a party to this Action, by subpoena, by service with any legal process, by order or otherwise, prompt written notice shall be given to the party who produced the Confidential Information. Such notice shall include a copy of such subpoena, legal process or order. The producing party shall have ten (10) days from receipt of notice to object.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.  Nothing in this Order shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Order or to subject itself to penalties for non-compliance with any subpoena, legal process or order.  Any persons seeking such Confidential Information who take action to enforce such subpoena or other legal process shall be apprised of this Order.

33.     Transmission by facsimile and/or e-mail is acceptable for all notification purposes herein.

34.     This Order may be modified by agreement of the parties, subject to approval by the Court.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such an order.

1    Dated:  February 23, 2011        MAYER BROWN LLP
2                                          LISA M. FERRI

3                                          BY:   /S/Lisa M. Ferri
4                                              Lisa M. Ferri

5                                        Attorneys for Plaintiffs and
6                                        Counter-Defendants
                                          GLAXO GROUP LIMITED and
7                                           GLAXOSMITHKLINE LLC

8                                        DURIE TANGRI LLP
9                                        DARALYN J. DURIE

10                                     By: s/Daralyn J. Durie
11                                        Daralyn J. Durie

12                                      PAUL, WEISS, RIFKIND, WHARTON
13                                      & GARRISON LLP
                                       KENNETH A. GALLO

14

15                                     By: s/Kenneth A. Gallo
16                                        Kenneth A. Gallo

17                                        Attorneys for Defendants and
18                                        Counter-Plaintiffs GENENTECH,
                                       INC. and CITY OF HOPE

19

20

21

22

23

24

25

26

27

28

1  MAYER BROWN LLP
   ELIZABETH MANN
2  emann@mayerbrown.com
   350 South Grand Avenue, 25th Floor
3  Los Angeles, CA  90071-1503
   Telephone:   (213) 229-9500
4  Facsimile:    (213) 625-0248

5  LISA M. FERRI  *Admitted Pro Hac Vice*
   LFerri@mayerbrown.com
6  BRIAN W. NOLAN  *Admitted Pro Hac Vice*
   BNolan@mayerbrown.com
7  1675 Broadway
   New York, NY  10019-5820
8  Telephone:   (212) 506-2500
   Facsimile:    (212) 262-1910

9
   Attorneys for Plaintiffs and Counter-Defendants
10 GLAXO GROUP LIMITED and
   GLAXOSMITHKLINE LLC
11
   *COUNSEL CONTINUED ON NEXT PAGE*
12

13           **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA**

15 GLAXO GROUP LIMITED and          Case No. CV-10-02764 MRP (FMOx)
   GLAXOSMITHKLINE LLC,
16                                  **"EXHIBIT A" TO STIPULATED**
                Plaintiffs,         **PROTECTIVE ORDER;**
17
        v.                          **AGREEMENT TO BE BOUND BY**
18                                  **PROTECTIVE ORDER**
   GENENTECH, INC., and CITY OF
19 HOPE,                            Judge:  Hon. Mariana R. Pfaelzer
                                    Ctrm:   12
20              Defendants.

21 GENENTECH, INC. and CITY OF
   HOPE,
22
                Counter-Plaintiffs,
23
        v.
24
   GLAXO GROUP LIMITED and
25 GLAXOSMITHKLINE LLC
                Counter-Defendants.
26

27

28

1  DURIE TANGRI LLP
   Daralyn J. Durie (SBN 169825)
2  ddurie@durietangri.com
   Mark A. Lemley (SBN 155830)
3  mlemley@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA 94111
   Telephone: (415) 362-6666
5  Facsimile: (415) 236-6300

6  PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
7  Kenneth A. Gallo
   kgallo@paulweiss.com
8  2001 K. Street, NW
   Washington, DC 20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420

10
   Attorneys for Defendants and Counter-Plaintiffs
11 GENENTECH, INC. and CITY OF HOPE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, _____, declare and say that:

1. I am employed as

   _____ by

   _____

   _____.

2. I have read the Protective Order entered in the above-captioned matter and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "HIGHLY CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "HIGHLY CONFIDENTIAL" information with anyone other than the persons described in Paragraphs 3, 8 and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" or "HIGHLY CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER; CASE NO.  CV-10-0764 MRP (FMOx)

700011480